DA 10-0425

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 14N

IN RE THE MARRIAGE OF
CURTIS WILLIAM STARK,

        Petitioner and Appellee,

   and

STACEY MARIE STARK,
nka STACEY MARIE ADAMS,

        Respondent and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
                 In and For the County of Park, Cause No. DR 05-99
                 Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Kevin S. Brown; Paoli & Brown, Livingston, Montana

       For Appellee:

           Karl Knuchel; Knuchel Law Office, Livingston, Montana

Submitted on Briefs:  January 12, 2011

Decided:  February 8, 2011

Filed:

_____

                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Stacey Adams appeals an order of the District Court, Sixth Judicial District, Park County, amending a final parenting plan.

¶3      In 2005, Curtis Stark and Stacey entered into a parenting plan regarding their now ten-year-old daughter, B.S. In 2007, the District Court approved a stipulation, allowing B.S. to reside with each parent on an alternating weekly basis. At that time, both parties resided in Clyde Park, Montana. In 2009, without notifying the District Court, Stacey moved to Livingston, Montana.

¶4      The parties had previously agreed that B.S. would remain in school in Wilsall, Montana. Over the fall of 2009, B.S.'s performance in school began to decline. Curtis became concerned that his daughter's education was suffering as a result of the move to Livingston. Additionally, he worried that B.S. did not receive adequate educational assistance when residing with Stacey. He also grew concerned by the manner in which B.S. was being transported to school.

¶5      In May 2010, Curtis filed a petition to amend the parenting plan. He requested

that B.S. reside with him on weekdays during the school year and with Stacey three weekends each month. The District Court agreed that circumstances had changed and modified the plan as Curtis requested. Stacy appealed the District Court's order.

¶6 On appeal, Stacey challenges the District Court's findings of changed circumstances and argues that amendment of the parenting plan was an abuse of discretion.

¶7 A district court has discretion to amend a parenting plan if it finds that a change has occurred in the child's circumstances, and amendment is necessary to serve the best interests of the child. *Jacobsen v. Thomas*, 2006 MT 212, ¶ 16, 333 Mont. 323, 142 P.3d 859; § 40-4-219, MCA. If a district court's findings are not clearly erroneous, this Court will only overturn amendment of a parenting plan if there is a clear abuse of discretion. *Jacobsen*, ¶ 13.

¶8 The District Court found a change in circumstances since the 2007 parenting plan. The move to Livingston burdened B.S. with travel, not envisioned when both parties still resided in Clyde Park. Her safety was placed in the hands of young, inexperienced drivers on a road susceptible to vehicle and deer strikes. Moreover, Curtis was found to be the better facilitator of B.S.'s education. B.S. did her homework and completed assignments when in Curtis' care. In light of these changed circumstances, the District Court did not clearly abuse its discretion when it concluded that B.S.'s best interests warranted residency with Curtis on weekdays during the school year.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

3

memorandum opinions. It is manifest on the face of the briefs and the record that the issues are clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS